David C. Kresin (019858)
Samuel R. Randall (024517)
ROBAINA & KRESIN PLLC
One E. Camelback Road, Suite 710
Phoenix, Arizona 85012
Telephone: (602) 682-6450
Facsimile:  (602) 682-6455
dck@robainalaw.com
srr@robainalaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Garth Espe, an individual, | )<br>) |
| Plaintiff, | ) No. |
| | ) |
| vs. | ) |
| | ) **COMPLAINT** |
| United Cerebral Palsy of Central Arizona, a corporation, | )<br>) (Jury Trial Demanded) |
| | ) |
| Defendant. | ) |

Plaintiff Garth Espe for his Complaint alleges as follows:

1. Garth Espe is a man filing individually who at all relevant times was a resident of Maricopa County, Arizona.

2. Upon information and belief, United Cerebral Palsy of Central Arizona ("UCP") is an Arizona corporation doing business in Maricopa County, Arizona.

3. The events giving rise to these causes of action occurred in Maricopa County, Arizona.

4. This action is brought in part under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because UCP resides in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. Plaintiff began working for UCP in 1991. Since 2007, UCP employed Plaintiff as the Chief Financial Officer.

7. Throughout his employment, Plaintiff performed at the highest level.

8. In late summer of 2010, UCP hired Armando Contreras as its Chief Executive Officer. By the summer of 2011, Mr. Contreras had displayed a disregard for his fiduciary duties as the Chief Executive Officer and for the legal requirements associated with the non-profit, tax exempt status of the organization.

9. As a charitable organization, UCP relies on donations to operate. UCP obtains the majority of its donations from the community through a Circle K campaign to collect change in its convenience stores. In 2010, UCP received approximately $4.1 million in donations from the community through Circle K.

10. After Mr. Contreras became Chief Executive Officer, UCP began spending hundreds of thousands of dollars more on an advertising campaign to benefit Circle K, an amount that far exceeded what could reasonably be allocated to advertising and still maintain UCP's non-profit and tax-exempt status under Arizona and federal tax laws. Plaintiff believed that such expenditure was illegal.

11. Likewise, Plaintiff believed it was illegal to inure such a benefit to Circle K under the Arizona and federal tax laws.

12. In mid-July 2011, after Mr. Contreras returned to the office from a meeting with Paul Rodriguez of Circle K, Mr. Contreras told Plaintiff that Circle K wanted and Mr. Contreras intended to provide Circle K with a bigger presence on the UCP-funded advertising billboards.

13. At that time, Plaintiff told Mr. Contreras that the plan was illegal in that it improperly inured a benefit to Circle K. Plaintiff likewise told Mr. Contreras that the advertising expense exceeded the acceptable amount for UCP as a non-profit, tax-exempt entity.

1  14. Mr. Contreras immediately expressed his unhappiness with Plaintiff's resistance on those issues and expressed concerned about losing the Circle K donations to other non-profits if UCP did not give Circle K the advertising exposure it wanted.

15. As a result of the excess expenditure on advertising, Mr. Contreras needed Plaintiff to falsely allocate the advertising expenses to program expenses to comply with the legal requirements to maintain UCP's status, but Plaintiff refused to engage in that falsification of UCP's accounting and financial statements, which were records required to be kept for the government's review in the event of a tax audit.

16. In early to mid-July 2011, Plaintiff also expressed his objection to UCP inuring benefits to friends of Mr. Contreras while receiving no material benefit in return. Plaintiff subsequently refused to sign a contract providing a guaranteed monthly payment to one of Mr. Contreras' friends, Theresa Cordova, when the contract required no performance benefiting UCP.

17. In reporting the illegal conduct described above, Plaintiff did so in a reasonable manner and based on his reasonable belief that UCP or its representatives had violated, were violating, or would violate Arizona law.

18. In approximately July 2011, Plaintiff likewise reported his concern that UCP was failing to pay overtime compensation to Day Treatment and Training staff for respite services in violation of the Fair Labor Standards Act overtime law.

19. Plaintiff first became concerned about the overtime violation in the Spring of 2011 when he learned of a similar agency that lost a United States Department of Labor investigation under similar circumstances. At that time, he mentioned the concern to Mr. Contreras, who ignored it.

20. When Plaintiff raised the concern again in July 2011, he did so in a meeting with Mr. Contreras, the Human Resources Director, and several managers. Shortly thereafter, he also expressed it to UCP's finance committee.

21. In doing so, Plaintiff reported his reasonable belief that UCP was violating the FLSA by failing to pay its DTT respite providers overtime compensation.

22. As a result of Plaintiff's reports of illegal conduct and his refusal to engage in illegal conduct or the facilitation of illegal conduct, UCP terminated Plaintiff's employment with UCP on August 1, 2011.

23. UCP terminated Plaintiff's employment with no prior warnings and in violation of its own company policies.

24. After UCP terminated Plaintiff's employment, two UCP board members resigned in protest of the treatment of Plaintiff and the other illegal acts that he had reported.

## Count One
### (Arizona Employment Protection Act, A.R.S. § 23-1501 *et seq.*)

25. Plaintiff incorporates herein all previous allegations in this Complaint.

26. At all relevant times, Plaintiff was an employee under A.R.S. § 23-1501.

27. At all relevant times, UCP was an employer under A.R.S. § 23-1501.

28. UCP violated A.R.S. § 23-1501(3)(c) by terminating Plaintiff's employment in retaliation for Plaintiff's refusal to commit an act or omission that would violate Arizona law and/or in retaliation for Plaintiff's disclosure in a reasonable manner that he had information or a reasonable belief that the employer, or an employee of the employer, has violated, is violating or will violate Arizona law to either the employer or a representative of the employer who the employee reasonably believes is in a managerial or supervisory position and has the authority to investigate the information provided by the employee and to take action to prevent further violations of Arizona law.

29. As a direct result of UCP's conduct described above, Plaintiff has suffered emotional distress, reputational harm, lost income in the form of past, present and future wages and benefits, and other monetary and non-monetary benefits due him.

30. As a direct result of UCP's conduct described above, Plaintiff seeks recovery of damages in an amount to be proven at trial including damages for economic

- 4 -

loss and compensatory damages for pain and suffering, emotional distress, harm to reputation and other losses.

31. UCP's conduct described above was aggravated, outrageous, and guided by an evil mind; accordingly, Plaintiff is entitled to an award of punitive damages against UCP.

32. Plaintiff's claim against UCP herein arises out of a contract and Plaintiff is entitled to recover his attorneys' fees incurred herein pursuant to A.R.S. § 12-341.01.

**Count Two**
**(Retaliation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 215)**

33. Plaintiff incorporates herein all previous allegations in this Complaint.

34. At all relevant times, UCP was an employer covered under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

35. At all relevant times, Plaintiff was an employee under the FLSA.

36. UCP terminated Plaintiff's employment because he engaged in protected activity by reporting violations of the FLSA, as set forth above.

37. UCP's conduct described above was willful.

38. As a direct result of UCP's conduct described above, Plaintiff has suffered emotional distress, reputational harm, lost income in the form of past, present and future wages and benefits, and other monetary and non-monetary benefits due him.

39. As a direct result of UCP's conduct described above, Plaintiff seeks recovery of damages in an amount to be proven at trial including damages for economic loss and compensatory damages for pain and suffering, emotional distress, harm to reputation and other losses.

40. UCP's conduct described above was aggravated, outrageous, and guided by an evil mind; accordingly, Plaintiff is entitled to an award of punitive damages against UCP.

1. 41. Plaintiff's claim arises under the FLSA, and Plaintiff is therefore entitled to recover his attorneys' fees incurred herein pursuant to 29 U.S.C. §216.

2. 42. Plaintiff demands a jury trial on all issues triable to a jury.

WHEREFORE, Plaintiff Garth Espe prays for judgment against Defendant United Cerebral Palsy of Central Arizona, Inc. as follows:

A. For an award of economic damages in an amount sufficient to make Plaintiff whole for the loss of income and benefits resulting from Defendant's conduct;

B. For an award of front pay in an amount sufficient to compensate Plaintiff for all future lost income and benefits resulting from Defendant's conduct;

C. For an award of compensatory damages for pain and suffering, emotional distress, harm to reputation and other losses incurred by Plaintiff as a result of Defendant's conduct;

D. For an award of liquidated and/or punitive damages;

E. For an award of attorneys' fees and related expenses;

F. For an award of prejudgment and post-judgment interest;

G. For an award of Plaintiff's costs of suit incurred herein; and,

H. For an award of such other relief as the Court may deem just and proper.

DATED this 24th day of April, 2012.

ROBAINA & KRESIN, P.L.L.C.

By /s/David C. Kresin
David C. Kresin
Samuel R. Randall
Attorneys for Plaintiff